UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ROY LEE PHILLIPS, JR. | CIVIL ACTION 1:17-CV-01103 |
|---|---|
| VERSUS | JUDGE DRELL |
| WILLIAM EARL HILTON, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDAITON

Before the Court is civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff Roy Lee Phillips, Jr. ("Phillips") in the United States District Court for the Middle District of Louisiana. The case was transferred to this Court on September 1, 2017 (Doc. 1). At that time, Phillips was incarcerated in the River Correctional Center in Ferriday, Louisiana.

On September 5, 2017, Phillips was ordered to either submit his IFP application on an approved form or pay the filing fee (Doc. 8). However, Phillips has apparently been transferred to another facility. Orders from this Court mailed to Phillips at the River Correctional Center were returned to the Clerk of Court on September 11, 15, 15, and 21, 2017, all stamped "Return to Sender–Refused–Unable to Forward" (Docs. 9, 10, 11, 12).

Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days.

Phillips failed to inform the Court of his address change within 30 days after his mail was returned to the Clerk of Court, and has made no inquiry about this case nor attempted in any way to further prosecute the case. Accordingly, Phillips's complaint should be dismissed without prejudice for failure to prosecute pursuant to LR41.3W and Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962); Rogers v. Kroger Co., 669 F.2d 317, 320-21 (5th Cir. 1982).

## Conclusion

Based on the foregoing, IT IS RECOMMNEDED that Phillips' case be DISMISSED WITHOUT PREJUDICE for failure to apprise the Court of his change of address.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this  _7th_  day of November, 2017.

                                                  Joseph H.L. Perez-Montes
                                                  United States Magistrate Judge